UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

ROBERT ALTIERI : 
: 
VS. :     CIVIL ACTION NO.
: 
OFFICER VALDAVINOS (#129) and : 
TIMOTHY TSOPANIDES :     SEPTEMBER 13, 2021

## C O M P L A I N T

1. This is an action to redress the deprivation of rights secured to the plaintiff by the Constitution and laws of the United States and the State of Connecticut.

2. Jurisdiction of this court is invoked under the provisions of Sections 1331, 1343(3) and 1367(a) of Title 28 and Sections 1983 and 1988 of Title 42 of the United States Code.

3. The plaintiff is an adult resident of Connecticut.

4. During all times mentioned in this complaint, the defendant Valdavinos was an officer in the police department of Orange, Connecticut. Defendant Tsopanides is not a police officer but is a resident of Orange, Connecticut. Both defendants are sued only in their individual capacities.

5. During all times mentioned in this Complaint, the defendant Valdavinos

1

was acting under color of law, that is, under color of the constitution, statutes, laws, rules, regulations, customs and usages of the State of Connecticut. The defendant Tsopanides was working closely and in conspiracy with the police defendant for the specific purpose of accomplishing the unconstitutional result hereinafter described.

6. At all times mentioned in this Complaint, the defendants acted jointly and in concert with each other for the express purpose of achieving the unlawful objective of the conspiracy, that is, to deprive the plaintiff of his property without due process of law.

7. The defendant Tsopanides owns real estate located at 628 Grassy Hill Road, Orange, CT 06477. Long ago, in need of funds, defendant Tsopanides borrowed $60,000 from the plaintiff without interest. The condition of the said loan was that the plaintiff would be permitted to place a nonmotorized residence on Tsopanides's property as a residence for himself until such time as the loan was fully repaid. To this time, defendant Tsopanides has repaid only $38,000 on that loan.

8. On or about September 8, 2021, defendant Tsopanides visited the plaintiff at his aforesaid residence and demanded that the plaintiff immediately vacate the premises. When the plaintiff explained that he had a right to reside there until the loan was repaid, Tsopanides became enraged but after damaging

some of the plaintiff's personal property he left.   The plaintiff filed a complaint with the Orange Police Department, but police took no action.

9.  On or about September 10, 2021, the defendant Valdavinos and three other Orange police officers, whose identities are presently unknown to the plaintiff, pounded on the plaintiff's door while he was at home watching television.  They accused the plaintiff of trespassing.  The plaintiff explained, as the officers already knew, that he has a legal right to remain upon the property in his residence unless and until some court rules otherwise.  The four police officers, instead of making an arrest (as they could have done if – but only if – they knew that the plaintiff in fact was trespassing), proceeded to inflict substantial damage upon the plaintiff's property.  Specifically, they disconnected the plaintiff's electricity and water connections, rendering his home uninhabitable and forcing the plaintiff to go to a motel.

10.  In carrying out these actions, the police officers acted jointly and in concert with the defendant Tsopanides and for the specific purpose of violently evicting the plaintiff from his home.

11.  As a result, the plaintiff has suffered ongoing economic losses and emotional distress.

12.  In the manner described above, the defendants violated the plaintiff's right not to be deprived of his property without due process of law, in violation of

the Fourteenth Amendment to the United States Constitution, a right enforced through Sections 1983 and 1988 of Title 42 of the United States Code.

WHEREFORE, the plaintiff claims judgment against the defendants and each of them, jointly and severally, for compensatory damages, punitive damages, attorney fees and costs, and for such other equitable relief as the court may consider to be fair and just.

THE PLAINTIFF

BY:_____/s/_____John R. Williams_____
JOHN R. WILLIAMS (ct00215)
51 Elm Street
New Haven, CT 06510
203.562.9931
Fax: 203.776.9494
jrw@johnrwilliams.com