UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ROBERT ALTIERI,<br><br>*Plaintiff*,<br><br>v.<br><br>TIMOTHY TSOPANIDES,<br><br>*Defendant*. | No. 3:21-cv-01224 (MPS) |

**RULING ON MOTION TO DISMISS**

This case arises from a property dispute between Plaintiff Robert Altieri and Defendant Timothy Tsopanides. Altieri filed suit against Tsopanides and "Officer Valdavinos (#129)," a police officer at the Orange Police Department ("OPD"), claiming that they acted in concert to deprive Altieri of his property without due process of law in violation of 42 U.S.C. § 1983. Altieri voluntarily dismissed his claims against Valdavinos, ECF Nos. 31, 32, and thus, the only remaining claims in this case are against Tsopanides. Tsopanides now moves to dismiss the Section 1983 claim under Fed. R. Civ. P. 12(b)(6). For the reasons set forth below, I grant the motion to dismiss the Section 1983 claim and dismiss without prejudice any state law claims.

I. **FACTUAL BACKGROUND**

The following facts are taken from Altieri's complaint, ECF No. 1, and are accepted as true for the purposes of this ruling.

Tsopanides is a resident of Orange, Connecticut and owns real estate located at 628 Grassy Hill Road in Orange, Connecticut. ECF No. 1 ¶¶ 4, 7. "Long ago," Tsopanides borrowed $60,000 without interest from Altieri. *Id.* ¶ 7. In exchange for the loan, Tsopanides allowed Altieri "to place a non-motorized residence on Tsopanides's property as a residence for

1

himself until such time as the loan was fully repaid." *Id.*  As of the filing of the complaint, Tsopanides had repaid $38,000 of the loan.  *Id.*

On September 8, 2021, Tsopanides visited Altieri at his non-motorized residence and "demanded that [he] immediately vacate the premises."  *Id.* ¶ 8.  Altieri explained that he had a right to live on Tsopanides's property until Tsopanides repaid the loan.  *Id.*  Tsopanides then "became enraged," damaged "some of [Altieri's] personal property," and left.  *Id.*  Altieri filed a complaint with the OPD but the OPD took no action.  *Id.*

On September 10, 2021, four OPD officers, including Valdavinos, "pounded" on Altieri's door and "accused [him] of trespassing."  *Id.* ¶ 9.  Altieri "explained … that he has a legal right to remain [on] the property in his residence unless and until some court rules otherwise."  *Id.*  The four officers did not make an arrest, as, Altieri alleges, "they could have done if – but only if – they knew that [he] in fact was trespassing."  *Id.*  Instead, the officers "proceeded to inflict substantial damage upon [Altieri's] property" by disconnecting his electricity and water.  *Id.*  The officers inflicted damage that rendered Altieri's home "uninhabitable" and forced him to live at a motel.  *Id.*

Altieri alleges that "the police officers acted jointly and in concert with … Tsopanides and for the specific purpose of violently evicting [Altieri] from his home."  *Id.* ¶ 10.  Further, Altieri alleges that Tsopanides "was working closely and in conspiracy with the police … for the specific purpose," *id.* ¶ 5, of depriving Altieri of his property without due process, *id.* ¶ 6.

## II.     PROCEDURAL HISTORY

On September 14, 2021, Altieri filed this lawsuit against Valdavinos and Tsopanides.  ECF No. 1.  On October 9, 2021, Tsopanides filed a motion to dismiss.  ECF No. 14.  On March 5, 2022, Altieri filed a motion to dismiss his claims against Valdavinos pursuant to Fed. R. Civ.

2

P. 41(a)(2), ECF No. 31, which I granted, ECF No. 32. Tsopanides is the only remaining defendant.

### III. LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ray v. Watnick*, 688 F. App'x 41, 41 (2d Cir. 2017) (quoting *Ashcroft*, 556 U.S. at 678 (citations and internal quotation marks omitted)). The Court must accept the well-pleaded factual allegations of the complaint as true and draw all reasonable inferences in the plaintiff's favor. *See Warren v. Colvin*, 744 F.3d 841, 843 (2d Cir. 2014). The Court must then determine whether those allegations "plausibly give rise to an entitlement to relief." *Hayden v. Paterson*, 594 F.3d 150, 161 (2d Cir. 2010).

### IV. DISCUSSION

Tsopanides seeks dismissal of Altieri's Section 1983 claim, arguing that Altieri has not alleged that Tsopanides acted jointly or in concert with the police officers. ECF No. 14 at 3. To state a Section 1983 claim against a private party, such as Tsopanides, Altieri must allege facts showing that Tsopanides acted under the color of state law. "Under 42 U.S.C. § 1983, constitutional torts are only actionable against state actors or private parties acting 'under the color of' state law." *Betts v. Shearman*, 751 F.3d 78, 84 (2d Cir. 2014) (quoting *Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002)); *see Sybalski v. Indep. Grp. Home Living Program, Inc.,* 546 F.3d 255, 257 (2d Cir. 2008) ("[A] plaintiff pressing a claim of violation of

3

his constitutional rights under § 1983 is … required to show state action." (internal quotation marks and citation omitted)).  "Private parties act under the color of state law if they jointly participate or conspire with a state actor to violate an individual's federal rights." *Fisk v. Letterman*, 401 F. Supp. 2d 362, 376 (S.D.N.Y. 2005).

To state a claim for a Section 1983 conspiracy involving a private party, "a plaintiff must allege '(1) an agreement between a state actor and a private party; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages.'" *Knopf v. Esposito*, 803 F. App'x 448, 452–53 (2d Cir. 2020) (quoting *Ciambriello*, 292 F.3d at 324–25).  A private actor also acts under the color of state law "when the private actor is a willful participant in joint activity with the State or its agents." *Betts*, 751 F.3d at 84 (internal quotation marks and citation omitted).  A complaint that contains "only conclusory, vague, or general allegations that the defendants have engaged in a conspiracy to deprive the plaintiff of his constitutional rights [is] properly dismissed; diffuse and expansive allegations are insufficient, unless amplified by specific instances of misconduct." *Ciambriello*, 292 F.3d at 325 (internal quotation marks omitted); *see also Jackson v. Nassau Cnty.*, 552 F. Supp. 3d 350, 381–82 (E.D.N.Y. 2021) ("[T]he complaint must allege facts that plausibly suggest a meeting of the minds, such that defendants entered into an agreement, express or tacit, to achieve the unlawful end.").  And while "conspiracies are by their very nature secretive operations, and may have to be proven by circumstantial, rather than direct, evidence," *Pangburn v. Culbertson*, 200 F.3d 65, 72 (2d Cir. 1999) (internal quotation marks and citation omitted), the plaintiff is still required to allege facts beyond "conclusory, vague, or general allegations" to state a claim "that the defendants have engaged in a conspiracy to deprive the plaintiff of his constitutional rights," *Ciambriello*, 292 F.3d at 325.

4

Here, Altieri fails to allege any facts demonstrating that Tsopanides acted in concert or conspired with the police officers. He makes only a conclusory allegation that "the police officers acted jointly and in concert with the defendant Tsopanides and for the specific purpose of violently evicting the plaintiff from his home." ECF No. 1 ¶ 10; *see also id.* ¶ 6 ("At all times mentioned in this Complaint, the defendants acted jointly and in concert with each other for the express purpose of achieving the unlawful objective of the conspiracy, that is, to deprive the plaintiff of his property without due process of law."). Conclusory allegations that a private actor and a state actor acted in concert, however, are insufficient to state a Section 1983 claim against a private actor. *See Ciambriello*, 292 F.3d at 324 ("A merely conclusory allegation that a private entity acted in concert with a state actor does not suffice to state a § 1983 claim against the private entity.").

Altieri argues that a conspiracy may be inferred circumstantially from the factual allegations in the Complaint. Specifically, he argues that "a finder of fact" may infer that "the police acted in conjunction with Tsopanides" to evict him based on the "close proximity in time between" Tsopanides's September 8 visit to his residence, Altieri's complaint to the OPD upon which the police took no action, and the police officers' September 10 visit to Altieri's residence. ECF No. 15 at 3–4. When drawing all reasonable inferences in favor of Altieri, I find that there are no factual allegations from which I may infer that Tsopanides acted jointly or conspired with the police officers. At most, I can infer from the factual allegations that the OPD received Altieri's complaint, that Tsopanides also complained to OPD, and that the police officers credited and acted on Tsopanides's complaint rather than Altieri's complaint. But these inferences, even when taken together, do not establish that Tsopanides was acting under the color of state law. A private party's calling or summoning police officers does not constitute joint

action with the officers that is actionable under Section 1983. *See Rodriguez v. Winski*, 973 F. Supp. 2d 411, 422 (S.D.N.Y. 2013) (finding that a private party "summoning police or requesting that police take action … simply does not suffice to constitute joint action or to convert the private party into a state actor"); *Ginsberg v. Healey Car & Truck Leasing, Inc.*, 189 F.3d 268, 272 (2d Cir. 1999) (private party's "provision of background information to a police officer does not by itself make [the private party] a joint participant in state action under Section 1983"). Even if I infer that Tsopanides filed a false report with the OPD, causing the police officers to wrongfully evict Altieri, that would not make Tsopanides a state actor. *See Rodriguez*, 973 F. Supp. at 422 ("[E]ven if a private party provides false information to police, … such provision alone does not constitute joint action actionable under § 1983."); *Vazquez v. Combs*, No. 04-Civ-4189 (GEL), 2004 WL 2404224, at *4 (S.D.N.Y. Oct. 22, 2004) ("[M]erely filing a complaint with the police, reporting a crime, requesting criminal investigation of a person, or seeking a restraining order, even if the complaint or report is deliberately false, does not give rise to a claim against the complainant for a civil rights violation."). And the reasonable inferences that I can draw from Altieri's factual allegations do not suggest that the police officers—when visiting Altieri on September 10—relied on Tsopanides's judgment rather than their own. *See Ginsberg*, 189 F.3d at 272 ("Where … a police officer exercises independent judgment in how to respond to a private party's legitimate request for assistance, the private party is not 'jointly engaged' in the officer's conduct so as to render it a state actor under Section 1983."); *Rodriguez*, 973 F. Supp. 2d at 423 (A "substitution of private judgment for police judgment [is] necessary to constitute joint action."). There are no factual allegations suggesting that Tsopanides was present on September 10 or exercised any influence over the police officers and their decision-making—other than by potentially making a complaint to the police which, as

noted, is insufficient and is not even expressly alleged.  *Cf. Powell v. Alexander*, No. 3:16-CV-01654 (SRU), 2018 WL 4425986, at *4 (D. Conn. Sept. 17, 2018) (concluding that plaintiff sufficiently stated a § 1983 claim against a private party when plaintiff claimed "much more than simply that" defendants contacted the police, and alleged facts that indicated that defendants "exercised such extreme influence over the [state] defendants, … [and] that the police officers ceased to exercise[] independent judgment" (internal quotation marks and citation omitted)).

I conclude that Altieri has failed to state a Section 1983 claim.  Nonetheless, because Altieri may be able to plead additional facts that would make out a claim of joint action under Section 1983, I will dismiss the Section 1983 claim without prejudice.  Having dismissed Altieri's only federal claim, I note that Altieri has not alleged any other independent basis for federal court jurisdiction.  *See* ECF No. 1 (invoking the court's federal question jurisdiction based on the Section 1983 claim and the court's supplemental jurisdiction over any state law claim).  It is unclear whether the complaint was intended to plead any state law claims.  The complaint does not contain separate counts and, although it mentions 28 U.S.C. § 1367, which provides for supplemental jurisdiction over state law claims, it does not identify any such claims.  Altieri's brief, however, asserts that, in addition to being liable under Section 1983, Tsopanides "is liable … as a civilian damaging personal property in an attempt to carry out an unlawful eviction." ECF No. 15 at 4.  In any event, to the extent that the complaint pleads any state law claims, they are dismissed without prejudice to being filed in state court.  *See* 28 U.S.C. § 1367(c)(3).

V.     **CONCLUSION**

For the reasons above, the motion to dismiss (ECF No. 14) is hereby GRANTED, and Altieri's Section 1983 claim is DISMISSED without prejudice.  Further, Altieri's state law

claims, if any, are DISMISSED without prejudice to being filed in state court. The Clerk is directed this close this case, but within 30 days of this order, Altieri may file a motion to reopen together with an amended complaint that addresses the defects discussed in this ruling.

IT IS SO ORDERED.

/s/

Michael P. Shea, U.S.D.J.

Dated:     Hartford, Connecticut
           June 3, 2022